UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY DON BOWERSOCK, CHARLOTTE ROBINSON as Co-Personal Representatives of the Estate of Georgia J. Bowersock, deceased, and MARK BOWERSOCK Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVOL, INC., and C.R. BARD, INC., <br><br> Defendants. | No. 1:08-cv-01313-LJM-TAB |

## ENTRY ON PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Plaintiffs', Bobby Don Bowersock, Charlotte Robinson, and Mark Bowersock (collectively, "Plaintiffs"), Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). Dkt. 77. Plaintiffs request that this Court alter and amend its Order granting Defendants', Davol, Inc. and C.R. Bard, Inc. (collectively, "Bard"), Motion for Summary Judgment. Dkt. 74.

## DISCUSSION

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of Judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th

Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) does not permit the rehashing of previously rejected arguments. *See id.* Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Plaintiffs claim that the Court erred in granting Bard's Motion for Summary Judgment when it excluded the expert testimony of Dr. Stephen Ferzoco and Dr. William A. Hyman, which in turn precluded the Plaintiffs' ability to demonstrate causation in this matter. Plaintiffs also contend that the Court improperly limited Dr. Roland Kohr's testimony to only those opinions made in conjunction with the autopsy and exhumation of Georgia Bowersock's body.

## I. DR. FERZOCO

The Plaintiffs allege that the Court erred in finding Dr. Ferzoco's "nidus" theory was unreliable based on the fact that it had not been subject to peer review or presentation in a formal setting. The Plaintiffs provide no citation to the Court's Order for this proposition and simply argue that the Court overemphasized this factor in its *Daubert* analysis. *See* dkt. 78 at 5. But this assertion fails to consider the whole of the Court's analysis, in which it evaluated numerous factors to determine the reliability of Dr. Ferzoco's causation testimony. The Court not only considered the lack of peer review, but also: (1) the fact that none of the symptoms described by Dr. Ferzoco are present in Georgia Bowersock's medical records or the autopsy report; (2) the theory is not based on any materials provided in connection with other CK Patch cases; and (3) the theory is based solely on

2

previous patient experience.  See dkt. 74 at 18.  Further, the Court considered Dr. Ferzoco's knowledge, skill, experience, education, and training in this field, but found that Dr. Ferzoco's substantial expertise in this area lacked specificity and could not be found reliable in this case.  *Id.* at 19-21.   Thus, it is clear that the lack of peer review alone was not the sole basis to conclude Dr. Ferzoco's causation opinion is unreliable.

Moreover, the Plaintiffs claim that Dr. Ferzoco's causation opinion was based on a differential diagnosis, despite the fact that he never stated as much in his expert report. Indeed, the Plaintiffs use the term "differential diagnosis" for the first time in the instant motion and presented a post-hoc analysis based on what Dr. Ferzoco "ruled out" and "ruled in."[1]  The Plaintiffs argue that Dr. Ferzoco ruled in the CK Patch's failure as the cause of death and ruled out other causes, including external infection.

The Court adequately considered Dr. Ferzoco's, now called, differential diagnosis. The Court stated that while "it might be said that Dr. Ferzoco utilized the scientific method in determining bowel involvement based on this second culture, Dr. Ferzoco is unable to set forth a reliable, scientific opinion as to how the CK Patch's alleged buckling caused Georgia's injury."  *Id.* at 17.  *See also id.* (discussing Dr. Ferzoco's opinion that "the presence of fecal bacteria in Georgia's second of three cultures indicate[d] bowel involvement.").  The Court found lacking Dr. Ferzoco's theory that buckling led to the alleged bowel disruption, which was inadequately supported for reasons more fully stated

---

[1] Differential diagnosis is used to determine what a patient is suffering from.  *See Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 826, n.7 (7th Cir. 2010) (quotation omitted).  In this case, the more appropriate term would be "differential etiology," which "is the study of causation" wherein "the doctor rules in all the potential causes of a patient's ailment and then by systematically ruling out causes that would not apply to the patient, the physician arrives at what is the likely cause of the ailment."  *Myers v. Ill. Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).

3

in the Court's order on summary judgment. *See id.* at pt. IV, B, 1. Thus, Plaintiffs have failed to set forth a manifest error of fact or law with regard to the Court's finding on Dr. Ferzoco's causation opinion.

## II. DR. HYMAN

The Plaintiffs further argue that the Court erred in excluding the causation testimony of Dr. Hyman. The Court found that "Plaintiffs have failed to meet their burden to establish that Dr. Hyman is qualified to testify as to the cause of Georgia's death and any such evidence to be proffered by Dr. Hyman is hereby excluded." Dkt. 74 at 22. It is unclear what relief the Plaintiffs seek because they agree that "Dr. Hyman is not being offered to provide opinions on case specific medical causation." Dkt. 78 at 16. The Plaintiffs state that Dr. Hyman is "providing testimony as an engineering expert offering the opinion that the Kugel Patch is capable of buckling, and that such a buckle can create a sharp edge on the patch." Dkt. 81 at 5. But, this testimony is irrelevant to the specific causation issue in this case. Because the Plaintiffs agree with the Court's exclusion of Dr. Hyman's opinions with respect to medical causation for Georgia Bowersock's injuries, *see* dkt. 74 at 22, no further analysis on this point is needed.

## III. DR. KOHR

Finally, with respect to Dr. Kohr, the Plaintiffs claim that the "Court's decision to exclude testimony about any newly formed opinions beyond those acquired at the time of the autopsy and exhumation of Georgia Bowersock's body would result in manifest injustice – specifically presenting to the jury an incomplete and inaccurate view of his opinions." *Id.* at 6. The Plaintiffs cite no mistake of law or fact by the Court. Plaintiffs merely restate Dr. Kohr's deposition testimony and arguments raised in their opposition

4

to Bard's motion seeking to exclude his testimony. Rule 59(e) is not a vehicle for rehashing previously rejected arguments. *Oto*, 224 F.3d at 606. Plaintiffs' failure to identify any manifest error, either factual or legal, is fatal to its Rule 59(e) motion as to Dr. Korh.

## CONCLUSION

Plaintiffs have failed to establish that the Court committed a manifest error of law or fact in granting summary judgment on behalf of Bard. Therefore, Plaintiffs' Motion to Alter or Amend Judgment (Dkt. 77) is **DENIED**.

IT IS SO ORDERED this 25th day of April, 2017.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

William Frederick Eckhart
HOVDE DASSOW & DEETS LLC
beckhart@hovdelaw.com

Eric L. Alexander
REED SMITH LLP
ealexander@reedsmith.com

Jesse Ash
REED SMITH LLP
jash@reedsmith.com

Matthew D. Jacobson
REED SMITH LLP
mjacobson@reedsmith.com

Michael K. Brown
REED SMITH LLP
mkbrown@reedsmith.com

Susanne N. Scovern
SCOVERN LAW
scovern@scovernlaw.com